ORDERED.

Dated: June 10, 2021

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re

LILIA BELKOVA,   Case No. 3:13-bk-07570-RCT
   Chapter 12
   Debtor.

_____

LILIA BELKOVA,

   Plaintiff/Counter Defendant,   Adv. No. 3:18-ap-180-RCT

v.

PNC BANK, N.A.,

   Defendant/Counter Plaintiff.

_____

**ORDER DENYING MOTION FOR RELIEF FROM
SUMMARY JUDGMENT AND ORDER UNDER FED. R. BANKR. P. 9024**

THIS PROCEEDING is before the Court on the *Motion for Relief from Summary Judgment and Order under Fed. R. Bankr. P. 9024* (the "Motion") (Doc. 148), filed by the Plaintiff/Counter Defendant, Lilia Belkova (the "Debtor"), the *Response in Opposition to the Motion*, filed by the Defendant/Counter-Plaintiff, PNC Bank, N.A. ("PNC Bank") (Doc. 149), and the *Reply to Response*, filed by the Debtor (Doc. 158). The Motion is filed pursuant to

Fed. R. Civ. Pro. 60(b) as adopted by Fed. R. Bankr. P. 9024.

In December 2018, the Debtor filed this proceeding to invalidate the mortgage lien that PNC Bank held on certain real property located in Loxahatchee, Florida (the "Property"). PNC Bank responded by filing a counterclaim to establish an equitable lien and/or to be subrogated to the rights of the previous mortgage holder if the Debtor prevailed on her claim. PNC Bank then filed a Motion for Summary Judgment as to (1) the Debtor's claim on the theory that judicial estoppel, collateral estoppel, and/or res judicata precluded the Debtor from bringing her claim to invalidate the lien, and (2) as to its own counterclaims for equitable lien and equitable subordination.

On March 25, 2020, the Court granted summary judgment in favor of PNC Bank ("Summary Judgment").[1] The Summary Judgment effectively mooted the Debtor's claim to invalidate the mortgage lien that PNC Bank held on the Property. Specifically, the Court found that PNC Bank has held enforceable lien rights from the time the PNC Mortgage and underlying promissory note were executed, and that these equitable rights permit PNC Bank to seek foreclosure and judicial sale of the Property in state court. The Debtor appealed and the appeal is currently pending in the District Court for the Middle District of Florida.[2]

Despite the pending appeal, the Debtor now seeks to vacate the Summary Judgment, and grant judgment in her favor. In the Motion, the Debtor lists various grounds in support of the relief she seeks, which includes claims of "newly discovered" evidence, and allegations of misrepresentations and misconduct by PNC Bank. The Debtor also alleges that the Property was never property of the estate, and that the Court therefore lacks subject matter jurisdiction. Ultimately, the Debtor seeks a ruling from this Court that PNC's mortgage on the Property is

---

[1] Docs. 125 & 126.
[2] Case No. 5:20-cv-00143-BJD.

2

"void ab initio."[3]

In opposition, PNC Bank asserts that the relief sought is beyond the permissible scope of Rule 60(b) because many of the arguments raised by the Debtor attack the merits of the final Summary Judgment.[4] PNC Bank also argues that the Court has limited authority to vacate its prior ruling because of the pending appeal and requests that the Court deny the Motion pursuant to Federal Rule of Bankruptcy Procedure 8008 ("Rule 8008").

Although the Motion is primarily premised on Rule 60(b), the Court finds that Rule 8008 is applicable. Rule 8008 states:

> If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue.

Rule 8008, therefore, "provides a procedure for the issuance of an indicative ruling when a bankruptcy court determines that, because of a pending appeal, the court lacks jurisdiction to grant a request for relief that the court concludes is meritorious or raises a substantial issue."[5]

Upon review, the Court finds that the pending appeal divests the Court of jurisdiction to decide the Motion. As recognized by a bankruptcy court in this District,

> A notice of appeal divests the lower court of jurisdiction over issues

---

[3] Doc. 148, p. 26.

[4] "[T]he law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." *Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999); *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F. Supp. 2d 1233, 1235 (D. Kan. 2003), *aff'd*, 111 F. App'x 611 (Fed. Cir. 2004) ("Like a motion to reconsider, a motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed.").

[5] Fed. R. Bankr. P. 8008 Advisory Committee Note to 2014 Amendment.

3

related to the appeal. "The purpose of the general rule is to avoid the confusion of placing the same matter before two courts at the same time and preserve the integrity of the appeal process." Once an appeal is pending, the lower court cannot exercise jurisdiction over issues which, although not directly on appeal, may affect the appeal or circumvent the appeal process.[6]

The arguments raised by the Debtor are either arguments she previously made to this Court, or arguments that she has raised on appeal. Ultimately, the Debtor seeks to relitigate the issue of whether PNC Bank has enforceable lien rights in the Property, which is the very core of the matter that the Court has already issued a ruling on. Therefore, the relief sought by the Debtor, if granted, would effectively moot the issues on appeal and improperly interfere with the appellate process.[7] At this juncture, the appellate court has exclusive jurisdiction over the matter. Accordingly, the Court will deny the Motion pursuant to Rule 8008(a)(2). Accordingly, it is

**ORDERED:**

The Motion is **DENIED**.

Clerk's Office to Serve.

---

[6] *In re Ellingsworth Residential Cmty. Ass'n, Inc.*, No. 6:20-AP-00055-KSJ, 2021 WL 411199, at *3 (Bankr. M.D. Fla. Feb. 5, 2021) (quoting *In re In re Whispering Pines Estates*, 3699 B.R. 752, 757 (B.A.P. 1st Cir. 2007).

[7] "Clearly, if the relief sought below would interfere with the appeal process, the Court whose order is on appeal does not have any jurisdiction and should not interfere with the appeal process. The soundness of this proposition is amply justified and needed in order to avoid confusion and waste of time which may occur if two courts were considering the same issues." *In re Bilzerian*, 188 B.R. 44, 45 (Bankr. M.D. Fla. 1995).

4