UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LILIA BELKOVA,   CASE NO. 5:21-cv-00390-WWB

    Appellant,

vs.

PNC BANK, N.A.,

    Appellee.
_____

### APPELLEE'S MOTION TO TRANSFER CASE TO JACKSONVILLE DIVISION

COME NOW Appellee, PNC BANK, N.A., by and through its undersigned counsel, and pursuant to Local Rule 1.07(a)(2)(B) and Rule 8013(a)(1), Fed. R. Bankr. P., respectfully moves for the entry of an Order transferring this appeal to the Jacksonville Division, given its relationship to another pending appeal commenced by Appellant in the Middle District of Florida, Jacksonville Division, at Case No. 5:20-cv-143-BJD.  In support hereof, PNC states as follows:

1.    On or about June 24, 2021, Appellant commenced the instant action through the filing of her Notice of Appeal and Statement of Election (the "Second Appeal"), which appeals the Order Denying Motion for Relief from Summary Judgment and Order Under Fed. R. Bankr. P. 9024 entered by the Honorable Roberta

-1-

Colton in Bankruptcy Case No. 3:18-ap-180, pending in the Middle District of Florida, Jacksonville Division (the "Adversary Case").[1]

2. The Bankruptcy Clerk's Transmittal of Notice of Appeal to District Court issued on July 29, 2021, in relation to the Second Appeal (D.E. 171 in the Adversary Case), states that Debtor's county of residence is Marion County, Florida. Appellee does not know where this statement came from, as the physical address for Appellant shown on the Notice itself is in Loxahatchee, Palm Beach County, Florida.[2] Regardless, as noted above, Appellant's bankruptcy proceedings have been pending in the Jacksonville Division since 2013.[3]

---

[1] The Adversary Case was commenced by Appellant (as Debtor) during, and ancillary to, her bankruptcy proceedings in Case No. 3:13-bk-7570, also pending in the Jacksonville Division. Appellee respectfully requests that the Court take judicial notice of all filings from the related cases discussed herein as authorized by Rule 201, Fed. R. Evid.

[2] This address is consistent with Appellant's Notice of Change of Address that she filed in the bankruptcy case on January 14, 2020 (D.E. 492), as well as the Designation and Declaration of Homestead Affidavit that Appellant recorded in the Official Records of Palm Beach County, Florida on January 24, 2020, at Book 31179, Page 566. True and correct copies of same are attached hereto as Composite Exhibit "A" and incorporated herein by reference.

[3] Appellant also commenced *another* bankruptcy case in 2020 in the Jacksonville Division – bearing Case No. 3:20-bk-02204-RCT – under the name "Lilia Belkova Russo," which case was dismissed by Judge Colton by her Order entered on November 20, 2020 (D.E. 56 therein). That Order of dismissal, along with stay relief orders related thereto, are the subject of *additional* (consolidated) appeals in the Jacksonville Division, at Case No. 5:20-cv-619 (consolidated with Case No. 5:21-cv-25).

3. Prior to commencing the Second Appeal, however, Appellant commenced an appeal of an earlier Order entered by Judge Colton in the Adversary Case, which granted partial summary judgment in favor of PNC (the "First Appeal"). Appellant also appealed the corresponding Final Judgment entered in favor of PNC that stemmed from the Order granting partial summary judgment in its favor. (D.E. 1 in the First Appeal).

4. Appellant commenced the First Appeal on or about April 7, 2020, which was assigned Case No. 5:20-cv-143-BJD. The First Appeal is fully briefed and is pending decision by the District Court.

5. On September 7, 2020, in the First Appeal, which was originally commenced by Appellant pro se, Appellant retained counsel, Joel Aresty, who appeared on Appellant's behalf in a different capacity, e.g. as successor trustee to the Land Trust rather than on behalf of Appellant in her individual capacity. Mr. Aresty filed a Motion to Relinquish Jurisdiction for a Motion in the Court Below and Memorandum of Law in the First Appeal, in which Appellant sought to have the District Court "relinquish jurisdiction for the purpose of bringing the attached motion to intervene and for relief under rule 9024 before the bankruptcy court." (D.E. 16 in the First Appeal).

6. On November 10, 2020, the District Court denied the Motion to Relinquish Jurisdiction (D.E. 23 in the First Appeal), which precipitated yet another

appeal commenced by Appellant – this time to the Eleventh Circuit Court of Appeals, bearing Case No. 21-10117, which also remains pending.

7. Three months after Mr. Aresty's withdrawal as counsel for Appellant in the First Appeal (which was authorized by the Court's Order entered on December 16, 2020), Appellant filed her pro se Motion for Relief from Summary Judgment and Order Under Fed. R. Bankr. P. 9024 in the Adversary Case on March 26, 2021 (the "Motion for Relief"). (D.E. 148 in the Adversary Case).

8. In her Motion for Relief, Appellant sought relief from Judge Colton from the very same summary judgment Order and Final Judgment in the Adversary Case that are the subject of the First Appeal. In seeking such relief from Judge Colton, Appellant acknowledged that the First Appeal was pending, but appears to have sought an indicative ruling from Judge Colton pursuant to Rule 8008, Fed. R. Bankr. P. (D.E. 148, pp. 2-3, in the First Appeal).

9. Appellee opposed the Motion for Relief. On June 10, 2021, Judge Colton entered an Order denying the Motion for Relief pursuant to Rule 8008(a)(2), Fed. R. Bankr. P., and noted therein that "the pending appeal divests the Court of jurisdiction to decide the motion" and further, "the relief sought by the Debtor, if granted, would effectively moot the issues on appeal and improperly interfere with the appellate process." (D.E. 159, pp. 3-4, in the Adversary Case; and D.E. 1-2 herein). This Order is what precipitated the instant appeal.

10. It is undeniable that the issues raised in the Second Appeal are those issues that Appellant has raised or should have raised in the First Appeal and/or that were addressed by the District Court during the pendency of the First Appeal, which is now on appeal to the Eleventh Circuit. In fact, as is noted in the excerpts from Judge Colton's Order in paragraph 7 above, it is for this reason that Judge Colton exercised her discretion to deny the Motion for Relief, as expressly authorized by Rule 8008, Fed. R. Bankr. P.

11. Local Rule 1.07(a)(2)(B) states, "If actions before different judges present the probability of inefficiency or inconsistency, a party may move to transfer a later-filed action to the judge assigned to the first-filed action. The moving party must file the motion in the later-filed action and a notice and a copy of the motion in the first-filed action. The proposed transferor judge must resolve the motion to transfer but can transfer the action only with the consent of the transferee judge. The transferee judge can order the clerk to assign to the later-filed action the magistrate judge in the first-filed action." In the interest of judicial economy, given the probability of inefficiency if the First Appeal and Second Appeal proceed in different courts/divisions, and to avoid the risk of contradictory results, Appellee respectfully submits that the Second Appeal should be heard and considered by the District Court presiding over the First Appeal in the Jacksonville Division.

WHEREFORE, Appellee, PNC BANK, N.A., respectfully requests that the Court enter an Order transferring this appeal to the Jacksonville Division, and for such further relief as is just and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to and in accordance with Local Rule 3.01(g), undersigned counsel certifies that she has conferred by telephone with counsel for Appellant in a good faith effort to resolve the issues raised in this Motion and is authorized to represent to the Court that Appellant does not consent to the relief sought herein.

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME REQUIREMENTS

In accordance with Rules 8013(f)(3)(A) and 8015(h), Fed. R. Bankr. P., this Motion complies with the requirements therein in that this Motion contains 1,235 words.

Dated: August 9, 2021
Jacksonville, Florida

**McGLINCHEY STAFFORD**

*/s/ Kimberly Held Israel*
Kimberly Held Israel
Florida Bar No. 47287
10407 Centurion Parkway N., Ste. 200
Jacksonville, FL 32256
Phone: (904) 224-4449
Fax: (904) 485-8083
Primary E-mail:
kisrael@mcglinchey.com
Secondary: cgipson@mcglinchey.com
**Attorneys for Appellee, PNC BANK, N.A.**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Appellee's Motion to Transfer Case to Jacksonville Division has been served, via CM/ECF and E-Mail, this **9th** day of **August, 2021**, on **Mark Roher, Esq.,** mroher@markroherlaw.com, *Attorney for Appellant.*

                                        */s/ Kimberly Held Israel*
                                        ATTORNEY