UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

In Re: Lilia Belkova

LILIA BELKOVA,

        Appellant,

v.                                                                  Case No. 5:21-cv-390-WWB

PNC BANK, N.A.,

        Appellee.
                                      /

## **ORDER**

       THIS CAUSE is before the Court on Appellant's Motion for Reconsideration (Doc. 20), wherein Appellant seeks reconsideration of this Court's September 21, 2021 Order (Doc. 19) denying her requests to extend the deadline to file her initial brief and dismissing her appeal. Appellee filed a Response in Opposition (Doc. 21).

       District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla.*

*First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Gleen Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

Appellant has not stated any basis for reconsideration. Instead, Appellant raises arguments that were considered and rejected in the September 21, 2021 Order or which should have been raised in her initial motions. Therefore, it is **ORDERED** and **ADJUDGED** that Appellant's Motion for Reconsideration (Doc. 20) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on November 29, 2021.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party